IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STATE OF HAWAIʻI, *by its Office of Consumer Protection*,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT L. STONE and CYNTHIA A. STONE, *doing business as GAH Law Group, LLC*,<br><br>Defendants. | Case No. 19-cv-00272-DKW-RT<br><br>**ORDER GRANTING DEFENDANT CYNTHIA STONE'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

On May 30, 2019, the State of Hawaiʻi, through its Office of Consumer Protection (OCP or Plaintiff), brought this action by filing a Complaint against Robert and Cynthia Stone (collectively, Defendants), alleging violation of numerous federal and state laws. Thereafter, Cynthia Stone (Cynthia) filed a Motion to Dismiss for Lack of Personal Jurisdiction (Motion), arguing that she is a resident of Illinois and she has neither transacted business nor committed a tort in Hawaiʻi. In opposition, OCP argues that this Court has personal jurisdiction over Cynthia because she acted in Hawaiʻi through her husband, co-defendant Robert Stone (Robert). OCP's arguments, however, are misplaced. Even if the Court was willing to accept that Robert acted as an agent in Hawaiʻi, he allegedly did so for Defendants' company, GAH Law Group, LLC (GAH Law Group), not Cynthia.

Moreover, although OCP asserts that "Cynthia Stone is GAH Law Group," OCP fails to carry its jurisdictional burden by explaining why this Court should find GAH Law Group to be Cynthia's alter ego. Therefore, the Motion is GRANTED.

## RELEVANT BACKGROUND

OCP is a state civil law enforcement agency responsible for investigating suspected violations of and enforcing consumer protection laws. In essence, in the Complaint, Dkt. No. 1, OCP alleges that Defendants violated the consumer protection laws of Hawai'i and the federal government by, *inter alia*, taking payment from consumers for services not yet performed, failing to use written contracts with consumers, and operating a company that was not registered to do business in Hawai'i.

One of the defendants, Cynthia, proceeding pro se, has moved to dismiss the Complaint for lack of personal jurisdiction. Dkt. No. 17.[1] OCP has filed an opposition to the Motion, Dkt. No. 29, and Cynthia has filed a reply, Dkt. No. 41. On September 26, 2019, the Court vacated the hearing on the Motion, Dkt. No. 45, and this Order now follows.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move for dismissal due to a lack of personal jurisdiction. When a defendant does so, "the

---

[1] The other defendant, Robert Stone, filed an Answer to the Complaint and Counterclaims, Dkt. No. 16, which are the subject of a motion filed by OCP, Dkt. No. 30. OCP's motion will be decided in a separate Order of this Court.

plaintiff bears the burden of establishing that jurisdiction is proper." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). As in this case, when an evidentiary hearing is not held, while the plaintiff cannot rest on the allegations of its complaint, uncontroverted allegations may be taken as true. However, a court cannot take as true allegations that are contradicted by affidavit. *Id*.

## **DISCUSSION**

As far as the Court is concerned, based upon the arguments OCP makes for exercising personal jurisdiction over Cynthia, resolution of the Motion is straightforward and requires little detailed investigation into the substance of Cynthia's alleged contacts with Hawai'i in this case.

OCP argues that Cynthia is subject to personal jurisdiction in Hawai'i on the basis of "agency principles, because Cynthia acted in Hawaii through her husband Robert." Dkt. No. 29 at 2. In other words, Robert was the agent of Cynthia when Robert committed the numerous Hawai'i-based acts alleged in the Complaint. But OCP also argues that Robert acted "on behalf of GAH Law Group," and this conduct, as well as Cynthia sharing in money paid by Hawaiian consumers, is enough to subject her to personal jurisdiction in this State. *Id*. at 32. In other words, OCP also asserts that Robert was the agent of GAH Law Group. There is a good reason why OCP takes this latter tack: there are absolutely no allegations in the

3

Complaint, inferable or otherwise, that Robert was acting as *Cynthia's* agent when he acted in Hawai'i. Instead, to the extent an agency relationship can be inferred from the Complaint, it was one between Robert and the company for which he allegedly transacted business, GAH Law Group. *See, e.g.*, Compl. at ¶ 135 ("For representing clients under the guise that the clients were appearing pro se, Robert Stone told his clients to make payment to GAH Law Group, and the clients made their payments to GAH Law Group as instructed."), Dkt. No. 1.[2]

The practical implication of this is that, while, arguably, Robert may have allegedly acted as the agent of *GAH Law Group*, that alone does not allow OCP to attribute Robert's alleged contacts with Hawai'i to Cynthia. In order to do that, at best, OCP would need to make an additional argument: that GAH Law Group was Cynthia's *alter ego*.[3] OCP makes no such argument however, and simply saying that "Cynthia Stone is GAH Law Group" does not suffice. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1073 (9th Cir. 2015) ("To satisfy the alter ego test, a plaintiff must make out a prima facie case (1) that there is such unity of interest and ownership that the separate personalities [of the two entities] no longer exist and (2) that failure to

---

[2]Because it is not necessary for the resolution of the instant Motion, the Court need not (and does not) make any finding as to whether Robert was, under the facts alleged in the Complaint, acting as an agent of *GAH Law Group*. All that is necessary for the instant Motion is the Court's finding, as OCP itself tacitly acknowledges, that, to the extent an agency relationship existed, it was between Robert and GAH Law Group, *not Robert and Cynthia*.

[3]Because it is not necessary for the resolution of the instant Motion, and because OCP makes no argument regarding the issue, the Court does not make any finding that, even if GAH Law Group was the alter ego of Cynthia, exercising personal jurisdiction over her in this case would comport with the U.S. Constitution.

disregard [their separate identities] would result in fraud or injustice.") (quotations omitted, alterations in original).[4]

Because this link is missing in OCP's analysis, the Court finds that there is no basis for attributing *Robert's* alleged actions in Hawai'i to Cynthia in determining whether she should be subject to personal jurisdiction here. As a result, this leaves OCP's assertion that Cynthia allegedly shared in or accepted money paid by Hawaiian consumers. In addition, it appears that Cynthia is alleged to have signed checks to pay for services performed in Hawai'i and had checks for GAH Law Group printed with a Hawai'i address. OCP makes no argument, however, that this alleged conduct *alone* justifies exercising personal jurisdiction over Cynthia.[5]

Accordingly, in this light, OCP provides no valid basis for this Court to exercise personal jurisdiction over Cynthia, and the Motion is GRANTED. *See Fiorani v. Berenzweig*, 441 F. App'x 540, 541 (9th Cir. July 6, 2011) (stating that a

---

[4]The test is the same for when a company is controlled by an individual, such as would need to be the case here. *See Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir. 1984).
[5]In its opposition, OCP relies upon both general and specific personal jurisdiction, *see* Dkt. No. 29 at 32, albeit not in the context of Cynthia's alleged contacts alone. When viewed in that context, there is certainly not general jurisdiction over Cynthia. For such jurisdiction, "the paradigm forum…is the individual's domicile[,]" *see Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S.Ct. 1773, 1780 (2017) (quotation omitted), and OCP makes no argument that Hawai'i should be considered Cynthia's domicile. There is also not specific jurisdiction. For such jurisdiction, a defendant "must purposefully direct [her] activities" at the forum "or perform some act by which [she] purposefully avails [herself]" of the forum. *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Group*, 905 F.3d 597, 603 (9th Cir. 2018). Further, "the claim must be one which arises out of or relates to the defendant's forum-related activities[.]" Finally, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable." *Id*. Again, OCP makes no such arguments in the relevant context.

dismissal for lack of personal jurisdiction should be *without* prejudice) (citing *Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985)).

## **CONCLUSION**

For the reasons set forth herein, the Motion, Dkt. No. 17, is GRANTED, and Defendant Cynthia Stone is DISMISSED WITHOUT PREJUDICE from this action for lack of personal jurisdiction.

IT IS SO ORDERED.

Dated: October 8, 2019 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge