IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STATE OF HAWAIʻI, *by its Office of Consumer Protection*,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT L. STONE, *doing business as GAH Law Group, LLC*,<br><br>Defendant. | Case No. 19-cv-00272-DKW-RT<br><br>**ORDER DENYING MOTIONS TO INTERVENE BY (1) CHESTER NOEL ABING, (2) SUSAN KAY BROER-DESHAW, AND (3) DENNIS DUANE DESHAW** |

Pending before the Court are three almost identical motions to intervene by non-parties Chester Noel Abing (Abing), Susan Kay Broer-DeShaw (Susan), and Dennis Duane DeShaw (Dennis, and, collectively with Abing and Susan, the "Proposed Intervenors"). While the pro se nature of the motions is dubious, the much larger problem is that the motions are entirely without merit. Specifically, none of the Proposed Intervenors have a right, whether unconditional or permissive, to intervene in this case under Federal Rule of Civil Procedure 24. As a result, the motions to intervene are DENIED.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 24 (Rule 24), a person may move to intervene in a case under certain circumstances. Under Rule 24(a), upon

timely motion, a person *must* be allowed to intervene if either (1) a federal statute gives an unconditional right to intervene, or (2) the person "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Under Rule 24(b), upon timely motion, a person *may* be allowed to intervene if either (1) a federal statute gives a conditional right to intervene, or (2) the person "has a claim or defense that shares with the main action a common question of law or fact."[1]

## **DISCUSSION**

As an initial matter, the Court observes the almost identical nature of the three purportedly pro se motions to intervene. Although three different people allegedly drafted the motions, all of the motions appear to have come out essentially the same. While this may not have been something to note if Susan and Dennis, an apparently married couple, had filed the only motions, it can hardly be coincidental when Abing's motion is substantively identical with much of the same format, verbiage and organizational headings. The Court strongly doubts

---

[1] None of the motions to intervene suggest that a federal statute provides either an unconditional or conditional right to intervene in this case. Therefore, the Court does not further address those matters herein.

that the three pro se Proposed Intervenors drafted a single word of the motions or their proposed answers and personal declarations attached to the motions. What is far more likely is that Defendant Robert L. Stone, a former lawyer, did what he stated he would do in his motion for extension of time to file an opposition to a motion for summary judgment ("motion for extension of time"). Specifically, Stone "helped" the Proposed Intervenors to "prepare" their motions to intervene, *see* Dkt. No. 60 at 3, which, in light of the motions that have now been filed, the Court construes as Stone having drafted the motions to intervene himself.[2]

The Court forewarns Stone of the following. In any proceeding before this Court, including this one, only attorneys who are members of the bar of the Court may practice law before the Court. *See* Local Rules 83.1 & 83.2. Stone is not an attorney nor such a member. While Stone may represent himself in this case, **he may not** represent (in any fashion) any other person in this case. That includes his purported clients from the various state foreclosure cases in which he is allegedly involved. This means that he may not file, draft, or "prepare" any filing

---

[2] A noticeable indication that Stone drafted, at the very least, Abing's motion to intervene is in one of the courtesy copies the Court received of the same. Notably, the courtesy copy is meant to be printed single-sided. In Abing's declaration, however, the reverse side of most of the pages contains a print out of various pieces of information unrelated to this case. One piece of information is an Amazon.com order confirming Cynthia Stone's purchase of certain products. It would be extraordinarily odd for Abing to have such a confirmation order. Stone appears to have re-purposed the reverse side of print jobs he no longer wished to retain to print the court courtesy copies of the Abing motion.

for anyone other than himself.   Going forward, should Stone do any of the foregoing or otherwise represent a person that is not himself, this Court **will** sanction Stone for violating the Local Rules.[3]

Turning to the motions to intervene, the Court first addresses whether the Proposed Intervenors may intervene as of right, and then addresses whether they have a conditional right to intervene.

In order to intervene as of right, (1) the motion must be timely, (2) the movant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the case, (3) disposition of the case may impair or impede the movant's ability to protect his or her interest, and (4) the movant's interest must be inadequately represented by the existing parties.  *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996).

Here, the Proposed Intervenors have identified no protectable interest that relates to the subject of this case.   For purposes of Rule 24(a), such an interest is one that (1) "is protectable under some law," and (2) has a relationship with the

---

[3]The Court notes that little has changed in the Proposed Intervenors' replies, filed on March 31, 2020 (Dkt. Nos. 74 & 75), as they too are essentially identical with almost identical exhibits attached thereto.   One of those exhibits is a declaration from Stone.   Dkt. Nos. 74-4 & 75-2.   Contrary to Stone's belief therein, he does not have a "professional responsibility" to continue representing clients in Hawaiʻi, not the least because, in this State, he is no longer a lawyer with such responsibilities.   See Dkt. Nos. 74-4 at ¶ 6; 75-2 at ¶ 6.   In addition, so it is clear, this Court will not be appointing counsel for Stone's clients.   See Dkt. Nos. 74-4 at ¶ 7; 75-2 at ¶ 7.

claims at issue. *Id.* at 837. The Proposed Intervenors appear to identify an interest in their homes and an interest in having Stone represent them in their state foreclosure cases. *See* Dkt. No. 66-1 at 23, 26; Dkt. No. 67-1 at 23, 26; Dkt. No. 69-1 at 23, 26. As for the latter, the Proposed Intervenors have no interest protectable under law in having Stone, a non-lawyer, represent them in their foreclosure cases. First, in a *civil* case, such as foreclosure, there is no right to representation by a *lawyer*. *See Nicholson v. Rushen*, 767 F.2d 1426, 1427 (9th Cir. 1985). Second, Stone is not a lawyer. Thus, if anything, the interest protected by law is the opposite: the Proposed Intervenors should be protected from being represented by a non-lawyer. As for their homes, while this is an interest protected by law, the Proposed Intervenors' homes have no relationship to this case. In particular, while Stone's alleged *representation* of the Proposed Intervenors is at issue in this case, contrary to the Proposed Intervenors' belief, their *homes* are not. More specifically, none of the claims in this case will have any effect on the Proposed Intervenors' homes, as the same will be solely resolved in the respective foreclosure cases.

Moreover, even if the Proposed Intervenors did have a protectable interest for purposes of Rule 24(a), Stone adequately represents the interests at issue here. To repeat, the interests here involve *Stone's* conduct and the consequences, if any,

he must face for the same. Stone undoubtedly can represent those interests better than any of the Proposed Intervenors, particularly as a former attorney with the self-interest to do so. In addition, as discussed earlier, the Proposed Intervenors are not actually representing their purported interests here. As Stone acknowledges, he is the one representing those interests by "helping" the Proposed Intervenors prepare these motions to intervene. In short, the Court would not be receiving a new or different point of view via intervention; rather, it would be hearing from Stone twice. The Court finds that the Proposed Intervenors have no right to intervene in this case pursuant to Rule 24(a).[4]

Turning to Rule 24(b), a court may grant intervention where the movant shows (1) independent grounds for jurisdiction, (2) the motion is timely, and (3) the movant's claim or defense has a common question of law or fact with the underlying case. *Glickman*, 82 F.3d at 839.

---

[4]The motions to intervene are also likely untimely. Each motion states that it was filed at this stage of the proceedings because the motions did not become "logically necessary" until October 8, 2019, and the Proposed Intervenors were delayed in filing because they were unable to find legal representation. First, nothing became "logically necessary" in October 2019. Contrary to the Proposed Intervenors' beliefs, the Court's pertinent order from that time shed no light that was not otherwise evident: Stone did not have standing to pursue counterclaims for persons other than himself. As for the "delay" since October 2019, the Proposed Intervenors identify no lawyers that they have contacted to represent them in this case. What is more likely is that, as Stone stated in his motion for extension of time, the declarations in support of the motions to intervene were something Stone believed would be helpful in defending against the State's motion for summary judgment. *See* Dkt. No. 60 at 3. The purported helpfulness to Stone's defense, however, is no reason for the Proposed Intervenors to have delayed filing their motions to intervene if, as they assert, an interest of theirs is at stake in this case.

Here, there are no common questions of law or fact between this case and the Proposed Intervenors' counterclaims and defenses.[5] Taken from the perspective of their foreclosure cases, i.e., the cases in which their *homes* are at issue, no questions of fact or law are shared with this case, which involves Stone's alleged failure to comply with various state and federal laws related to the protection of consumers. In other words, whether a home is subject to foreclosure has no common questions with whether Stone violated consumer protection laws. In addition, even from the perspective of the proposed counterclaims, most of which involve purported violations of civil rights statutes, there are still no common questions of law or fact with the claims brought by the Plaintiff here, and the Proposed Intervenors make no attempt to explain otherwise beyond conclusorily asserting that the common questions are "evident." *See* Dkt. No. 66-1 at 29; Dkt. No. 67-1 at 30; Dkt. No. 69-1 at 30; *see also Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998) ("The intervention rule is not intended to allow the creation of whole new lawsuits by the intervenors.") (quotation, citation, and ellipsis omitted). As a result, the Court finds that the Proposed Intervenors may not intervene in this case pursuant to Rule 24(b).[6]

---

[5]Perhaps unsurprisingly, the Court notes that the Proposed Intervenors each appear to have the exact same affirmative defenses and counterclaims as each other.

[6]For the same reasons noted above with respect to timeliness under Rule 24(a), the motions to intervene would also likely be untimely under Rule 24(b).

# CONCLUSION

For the reasons set forth herein, the motions to intervene, Dkt. Nos. 66, 67, and 69, are DENIED.

IT IS SO ORDERED.

Dated: April 2, 2020 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

**State of Hawaii v. Robert L. Stone; Civil No. 19-00272 DKW-RT;**
**ORDER DENYING MOTIONS TO INTERVENE BY (1) CHESTER NOEL ABING, (2) SUSAN KAY BROER-DESHAW, AND (3) DENNIS DUANE DESHAW**