IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| STATE OF HAWAIʻI, *by its Office of Consumer Protection*,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT L. STONE, *doing business as GAH Law Group, LLC*,<br><br>　　　　　Defendant. | Case No. 19-cv-00272-DKW-RT<br><br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT** |

　　　　Plaintiff State of Hawaiʻi, through its Office of Consumer Protection (OCP), moves for entry of final judgment ("motion") in this case after a number of dispositive-motion orders issued by the Court. Together, these orders granted OCP much, though not all, of the relief it sought and dismissed Defendant Robert L. Stone's counterclaims. Dkt. No. 126. Although the briefing deadlines on the motion, *see* Dkt. No. 127, have now passed, no further briefing beyond the motion itself has been submitted by any party. In this light, and following review of the motion, the Court GRANTS the motion for entry of final judgment, as set forth herein.

**Resolved Claims**

Between the Court's orders of April 2, 2020 and October 14, 2020, the following claims have been resolved in favor of OCP: Claim One; Claim Four; Claim Five; Claim Eight; Claim Three, solely as to Mr. & Mrs. DeShaw, Mr. Baliguat, Mr. & Mrs. Watson, Mr. & Mrs. Tyrell, Mr. & Mrs. Iosefa, Mr. & Mrs. Abing, Mr. & Mrs. Dicion, and Mr. & Mrs. Galang; and Claim Seven, solely as to Mr. Domingo. Therefore, the Clerk is directed to enter judgment in favor of OCP with respect to the above-mentioned claims, pursuant to this Order and the Orders of April 2, 2020 (Dkt. No. 77) and October 14, 2020 (Dkt. No. 114).

Pursuant to the Court's order of October 8, 2019, all of Stone's counterclaims have also been resolved in favor of OCP. Therefore, the Clerk is directed to enter judgment in favor of OCP with respect to Stone's counterclaims, pursuant to this Order and the October 8, 2019 Order (Dkt. No. 47).

**Unresolved Claims**

At this juncture in the case, the only claims that have not been resolved in OCP's favor or dismissed are: Claim Three, solely as to Mr. & Mrs. Cabral, Mr. & Mrs. Afuvai, Mr. Domingo, Mrs. Rodil, Mrs. Danielson, Mr. Moore, Mrs. Moseley, Dr. & Mrs. Dimitrion, and Mr. & Mrs. Harrell; and Claim Seven as it pertains to all of Stone's clients <u>other than</u> Mr. Domingo. In the motion, OCP

requests that these claims be voluntarily dismissed pursuant to Federal Rule of Civil Procedure 41(a)(2). Dkt. No. 126-1 at 6-7. The Court GRANTS this request and DISMISSES the above-mentioned claims WITHOUT PREJUDICE. Dismissal is without prejudice not only because Stone has failed to oppose OCP's request for dismissal,[1] but also because Rule 41(a)(2) presumes dismissal without prejudice. *See* Fed.R.Civ.P. 41(a)(2).

**Disgorgement**

In the October 14, 2020 Order, the Court ordered $1,743.40 to be disgorged from Stone, while declining to address whether any further amounts would be disgorged, pending decisions by Stone's clients to receive restitution to which they were entitled. Dkt. No. 114 at 26-28 & n.16. In the motion, OCP reports that the election period for Stone's clients has come and gone, with certain of the clients declining to receive restitution. Dkt. No. 126-1 at 8. OCP, therefore, now requests that, for the clients declining restitution, an order of disgorgement be entered for the amounts to which those clients were entitled as restitution. *Id.*

In light of the discussion on disgorgement in the October 14, 2020 Order, Dkt. No. 114 at 26-27, the Court agrees that OCP is entitled to further

---

[1] Something which is entirely consistent with Stone's litigation tactics throughout this case, as he has failed to oppose either of OCP's motions for summary judgment. *See* Dkt. No. 77 at 3; Dkt. No. 114 at 3.

disgorgement and, thus, GRANTS this request.  Principally, as previously discussed, Section 487-13(c) of the Hawaiʻi Revised Statutes <u>prohibits</u> Stone from recovering amounts while he is unregistered to do business in Hawaiʻi.  *Id.*  Because it is undisputed that Stone failed to register to do business in this State during the relevant period of time, *id.* at 18-19, OCP is, therefore, entitled to disgorge the amounts Stone impermissibly obtained by doing business here.  In total, that amount is: $257,122.00, which is the additional amount the Court orders disgorged from Stone.[2]

**<u>Additional Remedies</u>**

As OCP requests in the motion, Dkt. No. 126-1 at 8, to the extent any sought-after remedies remain unresolved following the various dispositive-motion orders in this case, those remedies are deemed withdrawn.

**<u>Conclusion</u>**

The motion for entry of final judgment, Dkt. No. 126, is GRANTED.  The Clerk is directed to enter final judgment forthwith, pursuant to this Order, the

---

[2] As set forth in the October 14, 2020 Order, that total amount breaks down as follows: Mr. & Mrs. Abing – $10,745; Mr. Baliguat – $27,000; Mr. & Mrs. Cabral – $28,000; Mrs. Danielson – $3,500; Mr. & Mrs. DeShaw – $34,016; Mr. & Mrs. Dicion – $26,000; Dr. & Mrs. Dimitrion – $5,235.60; Mr. Domingo – $21,900; Mr. & Mrs. Galang – $12,500; Mr. & Mrs. Harrell – $500; Mr. & Mrs. Iosefa – $28,500; Mr. Moore – $1,000; Mrs. Rodil – $13,800; Mr. & Mrs. Tyrell – $32,500; Mr. & Mrs. Watson – $16,561; Mr. & Mrs. Rush – $24,000.  Dkt. No. 114 at 26 n.14.

October 8, 2019 Order (Dkt. No. 47), the April 2, 2020 Order (Dkt. No. 77), and the October 14, 2020 Order (Dkt. No. 114).

IT IS SO ORDERED.

DATED: January 7, 2021 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge